Jenkins v. Moore.

purchase was quite the opposite of one to deceive and defraud, is clearly deducible, I think, from the proofs, and is, indeed, more consistent with the conduct and declarations of the parties themselves, than is the contrary belief. But while this is so, and while the imputation of intentional fraud may, in this view, be avoided, it is manifest from the evidence that the defendant was, at the time of the purchase, the complainant's confidential adviser. Standing in this fiduciary relation, the beneficial results of the purchase must be hers instead of his. The correctness of the decree upon this ground was so apparent at the close of the argument on behalf of the appellant, that further hearing was dispensed with.

The elementary principle of equity, by which a trustee is disabled to purchase, for his own benefit, the property of his *cestui que trust*, is too plainly applicable to the facts of this case to leave room for controversy or doubt. Without reference to fraudulent intent, and irrespective of the parol contract alleged in the bill, the facts, as they are pleaded and proved, conclusively evince that, as to the property in question, the defendant was the complainant's adviser, and, consequently, trustee. As such, he must be held to account. For cases illustrative of this equitable doctrine, reference need only be made to *Fox* v. *Mackreth*, with the accompanying notes in *Lead. Cas. in Eq.*, vol. I., 92, 209.

The decree should be affirmed, with costs.

*Decree unanimously affirmed.*

Jenkins, appellant, and Moore, respondent.

Decree of the Prerogative Court unanimously affirmed, for the reasons stated by the Ordinary, in his opinion in the case reported (*sub nomine*, In the matter of the probate of the will of Gideon Humphrey, deceased,) in 11 *C. E. Green* 513.